D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
LULIANA OMELCHENKO and EMRE YILMAZ, on behalf of themselves and others similarly situated,

        Plaintiffs,

  v.

MILAN FOODS CORP. and ERTAN KUSDIL,

        Defendants.
--------------------------------------------------------x

COMPLAINT

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION

JURY TRIAL DEMANDED

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

1

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant Milan Foods Corp. is a New York corporation.

5. Defendant Milan Foods Corp owns and operates the Sea Salt Restaurant located in Manhattan.

6. Defendant Milan Foods Corp. has annual gross sales in excess of $500,000.

7. Defendants Ertan Kusdil is the owner and general manager of Sea Salt Restaurant. He sets all policies with respect to pay; hires employees, including Plaintiffs,-; sets employees' schedules; and supervises their work together with manager Chris (last name unknown, hereinafter "Chris").

8. Plaintiff Luliana Omelchenko was employed by Defendants as a server from February 2024 until the present.

9. Plaintiff Emre Yilmaz was employed by Defendants as a server from mid-2022 until September 2023.

10. All Plaintiffs are hereinafter collectively referred to as "Plaintiffs."

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. The Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees employed by Defendants at

Sea Salt Restaurant on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, the Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully retaining their tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. The Plaintiffs bring the state law wage and hour Claims for Relief (Second, Third, Fourth and Fifth Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees employed by Defendants at Sea Salt Restaurant on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of

notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

16. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

17. The Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime and spread of hours compensation and illegally retaining tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class members within the meaning of New York law.

    b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

    c) Whether Defendants paid Plaintiffs and the Class members the minimum wage for all hours worked.

    e) Whether Defendants illegally retained portions of Plaintiffs' tips and the Class members' tips.

    f) Whether Defendants illegally distributed Plaintiffs' and the Class members' tips to Defendants' agents and/or non-service employees;

    g) Whether Defendants paid employees New York's "spread of hours" premium when their workdays exceeded 10 hours.

    h) Whether Defendants provided Plaintiffs and Class members with the proper notices.

## FACTS

22. Plaintiffs' Consent to Sue forms are attached as Exhibit A.

23. Defendants committed the following alleged acts knowingly, intentionally and willfully.

24. Defendants knew that the nonpayment of minimum wage and illegal deductions from the compensation of Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class would economically injure them and violated federal and state laws.

25. Plaintiffs worked for Defendants as servers.

26. Plaintiffs were paid pursuant to New York's tip credit minimum wage, which is lower than the full minimum wage. Plaintiffs were explicitly informed of their pay rates by Chris.

27. Defendants were not entitled to pay Plaintiffs less than the full minimum wage because Defendants did not give Plaintiffs proper written notice of the minimum wage.

28. Specifically, Defendants did not give Plaintiffs any notices and acknowledgments of pay rate, which would have included notice of the tip credit. This directly caused Plaintiffs to be underpaid, because Defendants' failure to provide these notices meant that the tip credit minimum wage was an underpayment of wages.

29. Plaintiffs were not paid New York's "spread of hours" premium when their workday lasted longer than 10 hours. For example, on March 8, 2024, Plaintiff Omelcheko worked more than 10 hours and was not paid New York's spread of hours premium.

30. Plaintiffs' weekly paystubs did not include a recital of their hours worked, rates of pay, and or any tip credits being applied to their pay. Because Plaintiffs' paychecks included both wages and tips, Plaintiffs' have never known how many hours they were paid for and whether they were in fact paid for all their hours worked, which prevented them from identifying any errors in their pay and raising them with Defendants.

31. Defendants illegally required Plaintiffs to share tips with Chris. Chris is a manager at Sea Salt. His title is manager, and he regularly supervises employees' work, sets their work assignments, and threatens them with discipline. In addition, he has authority to change the amount of tips employees receive from the restaurant's tip pool.

32. Defendants also illegally required Plaintiffs' to share tips with the restaurant's dishwasher who worked in the kitchen and did not interact with customers.

33. Defendants committed the foregoing acts against Plaintiffs, the FLSA Collective Members, and the Class.

**FIRST CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

34. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

35. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

36. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

37. During the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiffs and the FLSA Collective Plaintiffs.

38. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York State Minimum Wage Act, New York Labor Law § 650 et seq.;**
**N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.9)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class and by Plaintiff Luna**

8

39. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

40. Defendants knowingly failed to pay Plaintiffs and the Class members the full New York State minimum wage for all hours worked.

41. Defendants' failure to pay Plaintiffs and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

42. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

43. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

44. Defendants willfully diverted portions of the Plaintiffs' and Class Members' tips to tip-ineligible employees.

45. As a result of Defendants' willful and unlawful conduct, the Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## FOURTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought by Plaintiffs on Behalf of Themselves**
**and the Class and by Plaintiff Luna Individually)**

46. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

47. Defendants did not provide Plaintiffs and members of the Class with the notices/wage statements required by N.Y. Lab. Law §§ 195(1) and 195(3).

48. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
**(New York Spread of Hours Provisions, N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

49. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

50. Plaintiffs and the Class members had workdays that lasted more than ten (10) hours.

51. Defendants willfully and intentionally failed to compensate Plaintiffs and the Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays lasted more than ten (10) hours, as required by New York law.

52. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. L. § 198.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York  
       April 19, 2024

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum  
    D. Maimon Kirschenbaum  
    Josef Nussbaum  
    32 Broadway, Suite 601  
    New York, NY 10004  
    Tel: (212) 688-5640  
    Fax: (212) 981-9587

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.